UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph W. Schmitz, # 173987,<br><br>                Petitioner,<br><br>vs.<br><br>Warden E. Taylor,<br><br>                Respondent. | )<br>) C/A No. 5:14-3626-TMC-KDW<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

      Petitioner, a state prison inmate appearing pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

      Joseph W. Schmitz ("Petitioner") is a state prisoner currently incarcerated at McDougall Correctional Institution. According to the state-court documents attached to the Petition, on March 25, 1991, he was convicted of two counts of assault and battery with intent to kill ("ABWIK") and one count of armed robbery on a guilty plea and sentenced to a total 65-year prison sentence in the Court of General Sessions for Charleston County. Pet. 1, ECF No. 1.[1] Petitioner alleges his sentence is excessive and that his trial counsel was ineffective because she purportedly did not file a motion to reconsider the sentence or a direct appeal on his behalf and

---

[1] Petitioner alleges that he was convicted and sentenced on December 10, 1990. ECF No. 1 at 1. However, the Charleston County sentencing sheets attached to the Petition show the date of "3-25-91" beside the trial judge's signatures. ECF No. 1-2 at 6-8. Other attached documents

did not inform him that he had a right to appeal. *Id*. at 5-10. Petitioner asks this court to order the state court to reconsider his sentence because of its alleged excessiveness. ECF No. 1-2 at 1.

Petitioner alleges that he filed a post-conviction relief application ("PCR"), but he does not provide the court with the date of filing or with any documents relating to that PCR case. *Id*. at 10. Charleston County's publically available internet court records disclose the following: Petitioner filed his PCR case on March 25, 1994, and it was dismissed with prejudice on October 17, 1995; Petitioner's appeal from the PCR case was dismissed, and the appellate court's remittutur was filed in Charleston County on December 23, 1996. *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency= 10002&Casenum=1994CP1001105&CaseType=V (last consulted Oct. 14, 2014); *see also In Re Katrina Canal Breaches Consol. Litig*., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Nothing in the Petition or in the on-line court records indicates that Petitioner filed any other PCR or appellate case relating to his Charleston County convictions and sentences subsequent to the conclusion of the PCR appeal.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

show Petitioner was arrested for armed robbery and ABWIK on December 10, 1990. *Id*. at 9-10.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

  This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

  Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III. Discussion

3

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which took effect on April 24, 1996, prescribed a uniform statute of limitations in federal habeas matters: "'[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.'" *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006) (quoting 28 U.S.C. § 2244(d)(1)). District courts are permitted, but not required, to consider sua sponte the timeliness of a state prisoner's § 2254 habeas petition after giving the parties "fair notice and an opportunity" to present their position regarding the statute of limitations. *Id.* at 209-10. Subsection (d)(1)(A) of section 2244 provides that the limitations period runs from the date when the judgment of conviction became final at the conclusion of direct review. 28 U.S.C. § 2244. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while properly filed state post-conviction or collateral attack actions are pending. *Id.* For state convictions that became final *before* the effective date of the AEDPA, prisoners were given a one-year period to pursue federal habeas corpus relief, beginning on the effective date of the Act: April 24, 1996. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Clark v. Padula*, No. 3:11–1690–MBS, 2012 WL 4051280 (D.S.C. Sept. 12, 2012).

In Petitioner's case, because he did not file a direct appeal, his convictions became final ten days after they were entered: on April 4, 1991. *See* SCACR 203(b)(2) (ten-day time limit for notice of appeal); *see also Burton v. Stewart*, 549 U.S. 147, 156-57 (2007); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005). Petitioner filed his PCR action in the Charleston County Court of Common Pleas on March 25, 1994; it was dismissed on October 17, 1995. An "appeal" of that dismissal was filed by way of a petition for writ of certiorari to the South Carolina Supreme Court. *See* S.C. Code Ann. § 17-27-100; SCACR 227. The South Carolina

4

Supreme Court dismissed the appeal and sent its remittutur to the Charleston County court on December 23, 1996. Because Petitioner's convictions became final before the passage of the AEDPA, the nearly three-year period of un-tolled time that ran before Petitioner filed his PCR application should be disregarded and the extended limitations period running from the effective date of the AEDPA should be applied. *See Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000).

Because Petitioner's PCR appeal was pending on the AEDPA's effective date, the undersigned is giving Petitioner the greatest possible leniency by using date of the conclusion of his PCR appeal (December 23, 1996), rather than the earlier effective date of April 24, 1996, as a starting point for calculation of the finality of his convictions. Thus, the undersigned considers Petitioner's convictions to have become final for federal habeas corpus purposes on December 23, 1996. *Harris*, 209 F.3d at 328. It does not appear that Petitioner filed any other challenges to his convictions and sentences in any state court in the nearly seventeen years since the conclusion of his PCR appeal. Further, nothing in Petitioner's filings include any factual allegations that would support the application of equitable tolling in this case.[2] As a result, Petitioner's § 2244(d)

---

[2] The § 2244(d) statute of limitations is subject to equitable tolling. *See Harris*, 209 F.3d at 330; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). However, equitable tolling should be "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (citation omitted). A petitioner's confusion about the law does not warrant equitable tolling where the state of the law was settled. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that an unrepresented prisoner's ignorance of the law is not extraordinary nor a circumstance external to his control). Here, Petitioner has provided no factual information indicating any reason equitable tolling should be considered. He did not respond to question 18 on the petition form, which question seeks information from the petitioner about his or her reasons for filing an untimely petition. ECF No. 1 at 13. None of Petitioner's other allegations shows any basis for

one-year limitation period ran un-tolled from December 24, 1996 until December 26, 1997, and, as a result, any § 2254 habeas corpus petition filed after that date must be considered untimely. Therefore, the present Petition, which appears to have been submitted on September 9, 2014,[3] is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[4] *See Day v. McDonough*, 547 U.S. 198 (2006); *cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").[5]

IV.     Recommendation

Based on the foregoing, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*. *See Jordan v. Sec., Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (dismissal for untimeliness is a ruling "on the merits" of the petition); *Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010) (same; collecting cases).

---

consideration of equitable tolling.

[3] The institutional stamp on the envelope in which the Petition was mailed does not include a date, but the envelope is post-marked "Sep 9 2014." That date is being used as the filing date under *Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

[4] Petitioner's right to file objections to this Report and Recommendation constitute his opportunity to object to dismissal of this Petition based on the statute of limitations. *See Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised sua sponte if evident from face of pleading, but petitioner must be given warning and opportunity to explain before final dismissal).

[5] The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted).

IT IS SO RECOMMENDED.

October 22, 2014                                         Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).