IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2014 DEC -3 P 1: 11

Joseph W. Schmitz, # 173987,        )
                                    )        No: 5:14-3626-RMG
        Petitioner,                 )
                                    )        ORDER
                                    )
v.                                  )
                                    )
Warden E. Taylor,                   )
                                    )
        Respondent.                 )
_____)

This matter is before the Court on the Report and Recommendation ("R & R") of the

Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case be

dismissed. (Dkt. No. 13). For the reasons set forth below, the Court agrees and ADOPTS the

R & R as the order of the Court. Accordingly, Petitioner's Petition for Writ of Habeas Corpus is

DISMISSED.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and responsibility for making a final determination remains with this

Court. *Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). This Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). In reviewing these pleadings, the Court is mindful of its charge to construe liberally

the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir.

2003).

This court is charged with making a de novo determination of those portions of the R & R

or specified proposed findings or recommendations to which objection is made. *Diamond v.*

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1));

*accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has

been made, this Court "must 'only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory

committee note).

## Discussion

On March 25, 1991, Petitioner pled guilty and was convicted on two counts of assault and

battery with intent to kill, and one count of armed robbery. (Dkt. No. 13). Following his

conviction, Petitioner was sentenced to a 65-year prison sentence in the Court of General

Sessions for Charleston County. (*Id.*).

According to Petitioner's allegations, he filed a post-conviction relief ("PCR")

application. (Dkt. No. 1). Although Petitioner has not provided the Court with the date of filing

or any documents relating to the PCR, Charleston County's court records indicate his PCR

application was filed on March 25, 1994, and it was dismissed with prejudice on October 17,

1995. (Dkt. No. 13). Subsequently, Petitioner appealed the dismissal of his PCR application,

and on December 23, 1996, the appellate court filed its remittutur dismissing the appeal. (*Id.*).

Petitioner does not allege, nor can the Court find, any other PCR or appellate cases relating to his

convictions and sentences.

In his Habeas Petition, Petitioner argues that his sentence is excessive and that his trial

counsel was ineffective because she purportedly did not file a motion to reconsider the sentence

or a direct appeal on his behalf, nor, according to his allegations, did she inform him that he had

a right to appeal. (Dkt. No. 1).

2

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") prescribes a uniform statute of limitations in federal habeas matters. Pursuant to that Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006) (quoting 28 U.S.C. § 224(d)(1)). However, AEDPA did not come into effect until April 24, 1996. In the present case, Petitioner's convictions became final before the passage of AEDPA, on December 23, 1996, when the South Carolina Supreme Court dismissed the appeal and sent its remittutur to the Charleston County court. (Dkt. No. 13).

In *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000), the Fourth Circuit ruled that for state convictions that became final before the effective date of AEDPA, prisoners are given a one-year period to pursue federal habeas corpus relief, beginning on the effective date of the Act, April 24, 1996. *See also Clark v. Padula*, No. 3:11–1690–MBS, 2012 WL 4051280 (D.S.C. Sept. 12, 2012). However, Petitioner's PCR appeal remained pending on AEDPA's effective date. Thus, the court considers the date that the one-year statute of limitations began to run as December 23, 1996, the date of the conclusion of his PCR appeal. Therefore, Petitioner's one-year limitation period ran un-tolled from December 24, 1996, until December 26, 1997. As a result, any habeas petition filed after December 26, 1997, must be considered untimely. The present petition was submitted September 9, 2014. (Dkt. No. 13). Thus, the petition is time-barred.

On November 10, 2014, Petitioner filed an objection to the R & R of the Magistrate Judge. (Dkt. No. 18). In his objection, Petitioner alleges the solicitor, at the time of his sentencing, was involved with the victim "insomuch as he knows the victim personally." (*Id.*).

3

Furthermore, Petitioner believes this is newly or after discovered evidence, and that at the time of sentencing, the solicitor was highly prejudicial towards Petitioner due to his alleged personal relationship with the victim. (*Id.*). Although Petitioner fails to state the basis or any evidence that supports these allegations, the Court may not consider the merits of these claims unless they give rise to a claim for equitable tolling of the statute of limitations.

Aligning with the precedent previously set forth in the Fourth Circuit, the United States Supreme Court recognized that the limitations period under AEDPA is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Harris*, 209 F.3d at 328 ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). However, the Court held that the limitations period may be equitably tolled only if the petitioner shows, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Holland*, 560 U.S. at 649.

As to the equitable tolling of the statute of limitations under AEDPA, "extraordinary circumstances" have been found to exist in two distinct situations. *Harris*, 209 F.3d at 330. "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). In addition, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

4

First, construing his objections broadly, Petitioner appears to contend that there was wrongful conduct by the solicitor, and that because he could not have discovered this conduct sooner, it would be unconscionable to enforce the one-year limitations period.

Generally, when the court has allowed the limitations period to be equitably tolled based on the wrongful conduct of the defendant, it has done so when there has been an intentional act by the defendant that prevented the plaintiff from discovering the claim or defense sooner through the exercise of reasonable diligence. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("When a plaintiff remains in ignorance of the facts of his claim through defendants' fraudulent concealment of those facts, without any fault or lack of due diligence of plaintiffs' part, the limitations period is tolled until the discovery of defendant's fraud."); *accord Bogan v. South Carolina*, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("[E]quitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition . . . .").

In the present case, Petitioner has not alleged any intentional acts taken by Respondent or any other member of the government to conceal any facts or other information from him. Moreover, Petitioner has neither alleged any facts that show a basis for his claim that there was an improper relationship between the solicitor and the victim, nor has Petitioner alleged how he came to believe these allegations to be true or how he discovered this "new evidence." Therefore, Petitioner's bare-bones allegations of wrongful conduct do not satisfy the standards required to equitably toll the limitations period.

Second, Petitioner alleged in his objection to the R & R that he did not file a direct appeal because he was under the belief that "his attorneys had appealed at every level and that his case

5

was an ongoing one . . . ." (Dkt. No. 18). Additionally, he alleged that the many years that have

elapsed from the date of his conviction were a normal occurrence within the appellate judicial

process and he reasonably believed that the Court may overturn his conviction no matter the

amount of time that has passed. (*Id.*). Thus, Petitioner implies that the limitations period should

be equitably tolled because of the failure of his attorneys to further appeal. In order to toll the

statute of limitation for the more than seventeen years since his conviction became final, the

Court would have to find that this constitutes "extraordinary circumstances" beyond his control

which made it impossible to file the claims on time.

However, allegedly ineffective assistance of counsel based on the failure to file an appeal

does not constitute an "extraordinary circumstance" that would justify equitable tolling when the

failure to appeal had been public knowledge and could have been discovered through the

exercise of reasonable diligence. *Green v. Johnson*, 515 F.3d 290, 304-05 (4th Cir. 2008) (citing

*Wade v. Robinson,* 327 F.3d 328, 333 (4th Cir. 2003)). In the present case, the alleged

ineffective assistance of counsel occurred in April of 1991, when Petitioner's trial counsel failed

to file a direct appeal after his convictions became final. Trial counsel's failure to appeal had

been public knowledge for over two decades and could have been discovered through the

exercise of reasonable diligence, or through the advice of counsel at Petitioner's PCR

proceedings. *See Green*, 515 F.3d at 303-305 (equitable tolling not justified where the allegedly

ineffective counsel was replaced, removing the "purported impediment" to Petitioner's filing).

Therefore, Petitioner has not been pursuing his rights diligently, as mandated by the first prong

of the Supreme Court's test in *Holland*.

## **Conclusion**

6

The District Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 13) as the order of the Court.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED**

 

_____
Richard M. Gergel
United States District Court Judge

December 2, 2014
Charleston, South Carolina

7